SOUTHLAND ICE COMPANY *et al. v.* DOYAL *et al.,*
commissioners

No. 11092. FEBRUARY 21, 1936.

*George D. Anderson* and *Blair & Gardner,* for plaintiffs.
*M. J. Yeomans, attorney-general,* and *B. D. Murphy,* for defendants.

GILBERT, Justice. Southland Ice Company, a corporation, and others engaged in the business of selling at wholesale malt bever-

ages as defined in the act of 1935 (Ga. Laws 1935, p. 73, sec. 4), filed on behalf of themselves, and others similarly situated and who might desire to join as plaintiffs, a petition against Paul H. Doyal, W. B. Harrison, and R. E. Matheson, as members of and composing the State Revenue Commission of Georgia, and against the State Revenue Commission, alleging that they had complied with the terms and provisions of the act of 1935, and had paid the license taxes and registration fees required thereunder, and had obtained licenses and permits to engage in wholesale distribution and sale of malt beverages, as defined in that act, for the year 1935. Equity jurisdiction is invoked on the ground that a multiplicity of suits will result from the commission's regulation in question, if an injunction be not granted. The petition and answer contain numerous allegations, but the issue as agreed on at the hearing (the case having been submitted to the court on the pleadings, without a jury) may be summarized as follows: Section 5 of the act of 1935 declares "that there is hereby imposed upon the business of selling malt beverages an excise tax in the sum of one dollar and twenty-five cents ($1.25) for every container sold as hereinafter specified, containing not more than thirty-one (31) gallons, and at a like rate for other quantities or fractional parts;" etc. The State Revenue Commission, pursuant to authority contained in the act, promulgated certain regulations in one of which it was provided: "The term 'each container . . containing not more than thirty-one (31) gallons' is construed to refer to the standard barrel of malt beverages of thirty-one gallons. Thirteen cases, each containing twenty-four (24) standard twelve (12) ounce bottles of malt beverages, shall be deemed a barrel within the meaning of section 5" (of the act of 1935). The Southland Ice Company, on June 15, 1935, June 20, 1935, June 24, 1935, and July 7, 1935, filed with the State Revenue Commission its reports of sales of malt beverages, accompanying the same with checks for the amount of tax it figured it was due the State. The other plaintiffs made reports and sent checks in the same manner, but on different dates. The State Revenue Commission returned the reports and checks, with an explanation that they were not made out "according to section 1, paragraph 5, of rules and regulations promulgated by the commission, a copy of which is enclosed," the objection being that the

tax had not been computed upon the malt beverages sold in cases at the rate of 13 cases of 24 standard 12-ounce bottles, but that the plaintiffs had estimated the tax due by using a calculation of 13.77 cases of 24 standard 12-ounce bottles as constituting a barrel of 31 gallons.

The real question at issue, therefore, as admitted by all parties, is whether the State Revenue Commission has adopted the correct method of computing the excise tax. If the plaintiff's method is correct, they are entitled to the relief sought; if the tax should be computed in the manner contended by the commission, the relief should be denied. The prayers were: (2) That the defendant and its officers and agents be enjoined from refusing to accept the reports rendered by the plaintiffs, and from preventing the plaintiffs from filing their reports; (b) that they be enjoined from returning to plaintiffs the checks they sent as payment of excise taxes; (c) that they be enjoined from revoking and canceling the licenses and permits issued to the petitioners; (d) that they be enjoined from assessing a tax upon the petitioners based on the theory that 13 cases of 24 standard 12-ounce bottles of malt beverage shall be deemed a barrel within the meaning of section 5 of the said act of 1935; (e) that they be enjoined from issuing fi. fas. against the petitioners for taxes on the malt beverages sold by the petitioners, as shown by their filed reports, upon the basis mentioned above; (f) that they be enjoined from interfering with the petitioners in filing their reports of sales of malt beverages; (g) that they be enjoined from interfering with the petitioners in the payment of the excise taxes on a basis of 13.77 cases of 24 standard 12-ounce bottles of malt beverage as constituting 31 gallons or one barrel; (h) that they be enjoined from taking any action against the petitioners by revoking their licenses and permits, assessing taxes upon the basis complained of, and collecting license taxes upon such basis, issuing any executions for taxes claimed by the commission to be due by the petitioners, until a hearing can be had by a court of equity, to avoid a multiplicity of suits, and to determine what correctly constitutes a barrel or 31 gallons of malt beverage under the act of 1935. The court denied these prayers, and the petitioners excepted.

1. Section 3 of the act of 1935 (Ga. Laws 1935, p. 73) provides: "that the State Revenue Commission of this State . .

shall enforce this act, and shall promulgate such regulations as it deems necessary for this purpose." That provision is express authority for the making of such rules and regulations as are involved in the present case.

2. "The ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject-matter, when they shall have the signification attached to them by experts in such trade, or with reference to such subject-matter." Code of 1933, § 102-102. The judge was authorized to find, from the pleadings introduced as evidence, that the statute was enacted with the knowledge of the custom in the particular trade, and the rule adopted by the State Revenue Commission was in accord with the statute so construed. The difference between the parties as to the amount of the tax required is so slight that this court can not hold that the regulation promulgated by the commission is arbitrary and unreasonable. The court did not err in refusing an injunction and the other relief sought.

*Judgment affirmed. All the Justices concur.*